**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Legalforce RAPC Worldwide PC, *et al.*, | No. CV-24-03437-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. |  |
| United States Patent and Trademark Office, *et al.*, |  |
| Defendants. |  |

At issue is LegalForce's Motion for Reconsideration (Doc. 44), wherein it argues that the Court's dismissal of this case was erroneous with respect to LegalForce because it, unlike its co-plaintiff Mr. Abhyanker, is not a party to the underlying USPTO disciplinary proceeding and therefore is not subject to the exhaustion and forum restrictions of 35 U.S.C. § 32.[1] Pursuant to Local Rule of Civil Procedure 7.2(g)(2), the Court must permit

---

[1] LegalForce also submits a secondary argument that the Court committed "clear . . . error" when it wrote that jurisdiction had not yet vested in the Eastern District of Virginia because "Mr. Abhyanker elected to appeal the ALJ's decision rather than permit it to become final." (Doc. 44 at 3.) LegalForce contends that "the administrative process remains ongoing by operation of law, not by strategic election." (Doc. 44 at 3.) To the Court's knowledge, it is uncontested that Mr. Abhyanker voluntarily appealed the ALJ's decision. (*See* Doc. 27 at 4.) Even in its motion for reconsideration, LegalForce does not assert to the contrary. Given that fact, the Court finds LegalForce's argument meritless. Mr. Abhyanker cannot freely undertake an action that will carry with it a known legal consequence and then claim that the Court commits clear error when it attributes that consequence to his choice. The Court therefore denies relief on this ground. The Court also notes that this issue appears to be of no moment, as LegalForce's proposed order contains no suggested relief on this point. (*See* Doc. 44-1.) Indeed, LegalForce requests an order expressly noting that "[t]he Court's prior dismissal of claims asserted by Mr. Abhyanker in his individual capacity remains undisturbed." (Doc. 44-1 at 2.)

additional briefing if it is considering granting a motion for reconsideration. The Court therefore requests additional briefing as follows.

Defendants may file a responsive memorandum, not to exceed six pages in length, addressing the merits of LegalForce's argument. Defendants previously identified the risk of duplicative and possibly conflicting adjudications over what is, in essence, the same claim. (Doc. 37 at 8–9 (alleging that the inclusion of LegalForce as a plaintiff is a "ploy" to circumvent 35 U.S.C. § 32 and that the Court's entertainment of LegalForce's claims "could result in two different district courts issuing conflicting orders regarding the same matter" and therefore "must be avoided, particularly where Congress has specified a particular district court to review this matter").) In light of those concerns, the Court asks that Defendants devote some portion of their responsive memorandum to whether a transfer to the Eastern District of Virginia is the appropriate remedy here, assuming *arguendo* that LegalForce's motion for reconsideration has merit.

LegalForce may also file a supplemental memorandum addressing the same subjects as that of Defendants, including the propriety of a transfer to the Eastern District of Virginia. However, because LegalForce had the benefit of filing the initial motion, LegalForce's supplemental memorandum shall be limited to three pages in length.

**IT IS THEREFORE ORDERED** permitting the parties to file simultaneous, supplemental memoranda as described herein no later than fourteen (14) days from the date of this Order.

Dated this 5th day of May, 2025.

Honorable John J. Tuchi
United States District Judge